UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL W. MARTIN,
JULIE L. MARTIN

       Plaintiffs,

                                       Case No.

v

                                       Hon.

DEERE & COMPANY a/k/a JOHN DEERE,
and HUTSON, INC,

       Defendants.

_____/

B.A.TYLER (P25404)
*Tyler Law Firm, PLLC*
Attorneys for Plaintiffs
3001 W. Big Beaver Rd., Suite 110
Troy, MI 48084
248-458-6600 Fax: 248-458-6006
btyler@tyler-legal.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Michael W. Martin and Julie L. Martin, through their

attorneys, TYLER LAW FIRM, PLLC, state the following for their Complaint:

1.     This lawsuit arises out of Plaintiff Michael W. Martin's injury and

damages in the County of Clare, State of Michigan.

2.      At all times relevant to this action, Plaintiffs were residents of Clare County, Michigan.

3.      On information and belief, Defendant Deere & Company (Deere) is a Delaware corporation with its principal place of business in Illinois, but at all material times was doing business in the State of Michigan and in the County of Clare, Michigan.

4.      Defendant Deere did continuous and systematic business in Michigan; manufactured and placed the subject tractor and loader, and many more just like it, into the stream of commerce with the expectation that it would be distributed, sold, and used in Michigan; and the subject tractor and loader caused injury of a Michigan resident in Michigan.

5.      On information and belief, Defendant Hutson, Inc. is a Kentucky corporation and at all material times was doing business in the State of Michigan, County of Clare, assembled the subject loader onto the tractor in the State of Michigan resulting in injury of a Michigan resident in Michigan.

6.      The amount in controversy herein well exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

7.      Jurisdiction is proper subject to 28 U.S.C. § 1332.

8.      In light of the foregoing, venue and jurisdiction are properly vested in this Court.

## FACTUAL BACKGROUND

9.      On or about May 6, 2024, Plaintiff Michael W. Martin was involved in an incident associated with the use of John Deere tractor and loader; the tractor was identified as a JD 6145, 1L06145RCNP154813 and the loader was identified as a John Deere 640R, 1P0640RTTNDO18176.

10.     Upon information and belief, the tractor and loader at issue was designed, manufactured, marketed, sold or otherwise distributed or placed into the stream of commerce by Defendant Deere and Company, Inc. (Deere).

11.     Upon information and belief the tractor and loader at issue were assembled and sold by Defendant Huston, Inc. (Hutson).

12.     At all relevant times hereto the at-issue tractor and loader were being used in a foreseeable manner.

13.     During the subject incident, Plaintiff, Michael W. Martin, was installing posts, when the right side of the loader shifted and the bucket moved, dropping onto him.

14.     The side of the loader tower became dislodged from the mount and shifted resulting in the injury.

15. The at-issue tractor and loader are defective in that the loader is supposed to fully and automatically latch into the mounts on the tractor, but the design did not provide a secure method of attachment.

16. Defendants Deere and Hutson were aware of this defect prior to the design and manufacturer of the equipment, as well as prior to Mr. Martin's incident but failed to take any steps to protect those that were exposed to the hazard.

17. Other designs have a pin that is inserted into each loader tower to secure it and confirm its engagement.

18. The at-issue tractor and loader were part of a production of said products that have similarly failed, all of which was known to Defendants not only at the time of production but also prior to the subject incident, but unknown to Plaintiff until after the injury.

19. No notice nor other information was provided to Plaintiff prior to the incident as to the aforereferenced defective condition

## COUNT I - NEGLIGENCE

20. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

21. Deere owed certain duties to Plaintiff, including but not limited to:

a) Designing, manufacturing and/or distributing a non-defective tractor and loader such as, by way of example, making it so that the loader fully and automatically latched into the mounts on the tractor, and by having a pin that is inserted into each loader tower to secure it;

b) Properly inspecting their tractor and loader to ensure they were not defective and fit for their intended and foreseeable purpose ad uses;

c) Providing sufficient and proper warnings, instructions and information regarding said tractor and loader to ensure their safe use; and

d) Recalling and providing appropriate notices of safety issues of said tractors and loaders upon knowledge that it had or should have had of their defective and unsafe conditions.

22.    Hutson owed certain duties to Plaintiff, including but not limited to:

a) Assembling and inspecting the subject tractor and loader to ensure they would automatically latch together;

b) Modifying said tractor and loader to incorporate a pin system to ensure latching;

c) Providing warnings and instructions to Plaintiff to advise as to methods to ensure the latching of the loader to the tractor; and

d) Warn Plaintiff of the design defect within the tractor and loader so as to allow him to avoid injury.

23.    Defendants Deere and Hutson, Inc. breached the foregoing duties and its general duties to Plaintiff.

24.    The subject tractor and loader was not reasonably safe for its intended and foreseeable uses when it left the control of Defendants.

25.    When the subject tractor and loader left the control of Defendants an economically and technically feasible alternative production practice was available that would have minimized or eliminated the danger and prevent the harm to Plaintiff without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

26.    The foregoing breaches of duty directly and proximately caused serious injury to Plaintiff Michael Martin.

27.    As the direct and/or proximate result of the negligent acts and/or omissions of Defendants, Plaintiff is entitled to compensation for his injuries and damages.

## COUNT II – GROSS NEGLIGENCE AND INTENTIONAL WRONGDOING

28.    Plaintiff incorporates each preceding Paragraph as though fully restated herein.

29.    Defendants were grossly negligent in that their actions indicated a willful lack of concern and disregard as to whether an injury would occur to someone like Plaintiff utilizing one of their tractors and loaders.

30.    Defendants knew at the time of manufacture and distribution that said tractor and loader was defective and that there was a substantial likelihood that the defect would cause injury, but willfully disregarded that knowledge in the design, manufacture, assembly and distribution of the tractor and loader.

31.    Said actions of Defendants also constitute intentional acts of wrongdoing.

32.    As a direct and proximate cause of Defendants' gross negligence and intentional acts, Plaintiff suffered serious injuries and damages.

## COUNT III – BREACH OF IMPLIED WARRANTY

33.    Plaintiff incorporates each preceding Paragraph as though fully restated herein.

34.    The tractor and loader were not reasonable fit for the uses or purposes anticipated or reasonably foreseeable by Defendants and the expected users when it left Deere and Hutson's control.

35.    As a direct and proximate cause of the breach of implied warranty by Defendants, Plaintiff suffered serious injuries and damages.

36.    That at all pertinent times hereto Julie L. Martin was the wife of Michael W. Martin and based upon the wrongful conduct of Defendants has suffered and will continue to suffer a loss of consortium.

WHEREFORE, Plaintiffs pray for judgement against Defendants.

Respectfully submitted,

*/s/ B.A. Tyler*
B.A.TYLER (P25404)
***Tyler Law Firm, PLLC***
Attorneys for Plaintiffs
3001 W. Big Beaver Rd., Suite 110
Troy, MI 48084
248-458-6600 Fax: 248-458-6006
btyler@tyler-legal.com

Dated:  February 13, 2025

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL W. MARTIN,
JULIE L. MARTIN

       Plaintiffs,

                                   Case No.

v

                                   Hon.

DEERE & COMPANY a/k/a JOHN DEERE,
and HUTSON, INC,

       Defendants.

_____/

B.A.TYLER (P25404)
***Tyler Law Firm, PLLC***
Attorneys for Plaintiffs
3001 W. Big Beaver Rd., Suite 110
Troy, MI 48084
248-458-6600 Fax: 248-458-6006
btyler@tyler-legal.com

_____/

## DEMAND FOR JURY TRIAL

PLAINTIFFS, MICHAEL W. MARTIN and JULIE L. MARTIN, by and through their attorneys, TYLER LAW FIRM, PLLC, hereby requests a trial by jury in this matter.

1

Respectfully submitted,

*/s/ B.A. Tyler*

B.A.TYLER (P25404)
***Tyler Law Firm, PLLC***
Attorneys for Plaintiffs
3001 W. Big Beaver Rd., Suite 110
Troy, MI 48084
248-458-6600 Fax: 248-458-6006
btyler@tyler-legal.com

Dated:  February 13, 2025

2